IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| Karen T. Sladen | |
| *On behalf of herself and those similarly situated*, | Case No. |
| Plaintiff, | Judge |
| v. | Magistrate Judge |
| Western-Southern Financial Group, Inc.;<br>Eagle Realty Group, LLC;<br>Defendants. | Jury Demand Endorsed Hereon |

# CLASS AND COLLECTIVE ACTION COMPLAINT

1. This lawsuit seeks redress for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. 4111.01, *et seq.*, O.R.C. § 4113.15 (Ohio's "Prompt Pay Act"), and O.R.C. § 2307.60 resulting from Defendants Western-Southern Financial Group Inc.'s and Eagle Realty Group, LLC's denial of overtime wages to employees designated by Defendants as "hourly non-exempt" employees.

2. Defendant Western-Southern Financial Group, Inc. ("Western & Southern") is a nationwide financial services organization that offers various financial services including life insurance, retirement and investment.

3. Defendant Eagle Realty Group, LLC is a wholly owned subsidiary of Western & Southern that provides real estate related financial services, specializing in joint venture equity investments and mortgage loans.

4. Defendants employ hundreds of workers, but they do not use a timekeeping system to track their time worked.

5. Instead, Defendants pay hourly workers based on the number of hours they are scheduled to work, rather than the number of hours they actually work.

6. As a result, Defendants violate the FLSA and Ohio wage law because they do not pay their hourly, non-exempt employees at time-and-a-half their regular hourly rate when they work overtime hours.

7. Defendants repeatedly and willfully violated the Fair Labor Standards Act, the OMFWSA, and the Ohio Prompt Pay Act by failing to pay time-and-a-half overtime wages to the hourly non-exempt employees.

8. All hourly non-exempt employees, including Plaintiff, have been subject to the same or similar employment policies and practices.

## Jurisdiction and Venue

9. Under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has jurisdiction over Plaintiff's FLSA claims.

10. Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's Ohio law claims.

11. The amount in controversy in this matter exceeds the sum or value of $5,000,000 exclusive of interest and costs.

12. Plaintiff and at least one member of the proposed collective action class are citizens of a state different from that of Defendant.

13. Citizenship of the members of the proposed collective action class is dispersed among several states.

14. Plaintiff and the hourly non-exempt employees' claims involve matters of national and/or interstate interest.

15. Venue in this Court is proper under 28 U.S.C. § 1391(b) because Defendant Eagle Realty Group LLC's principal place of business is in this district.

## Parties

**Plaintiff**

**Karen Sladen**

16. Plaintiff Karen Sladen is a resident of Kentucky.

17. Plaintiff Karen Sladen works for Defendants at their office located at 301 East Fourth Street, Suite 3700, Cincinnati, Ohio 45202.

18. Plaintiff is and was an "employee" of Defendants under the FLSA and Ohio law.

19. Plaintiff has given written consent to join this action.

**Defendants**

20. Defendant Western & Southern is an Ohio corporation.

21. Defendant Western & Southern has its principal place of business in Cincinnati, Ohio.

22. The Western & Southern logo appears on Plaintiff's paystubs for the work she completes for Defendants.

23. Defendant Eagle Realty Group, LLC is an Ohio limited liability company.

24. Defendant Eagle Realty Group, LLC has its principal place of business in Cincinnati, Ohio.

25. "Eagle Realty Group" appears on Plaintiff's paystubs for the work she completes for Defendants.

26. Defendants have substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

27. Defendants have direct and/or indirect control of the terms and conditions of Plaintiff's work and the work of similarly situated employees.

28. At all relevant times, Defendants have maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, hours worked, recordkeeping, payroll, pay rates, and other practices.

29. Defendants are "employers" of Plaintiff and similarly situated employees as that term is defined by the FLSA, the OMFWSA, and the Ohio Prompt Pay Act.

30. At all relevant times, Defendants have been and continue to be enterprises engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

31. Defendant Western & Southern's gross revenue exceeds $500,000 per year.

32. Defendant Eagle Realty Group, LLC's gross revenue exceeds $500,000 per year.

33. Upon information and belief, Defendants may own, operate, and control other entities and/or limited liability companies that also comprise part of the Western-Southern operation, and qualify as "employers" of Plaintiff and the non-exempt employees as that term is defined by the FLSA.

34. Upon information and belief, there are individuals who comprise part of the Western & Southern operation and qualify as "employers" of Plaintiff and the non-exempt employees as that term is defined by the FLSA.

35. The identities of these additional Defendants should be revealed as discovery progresses and can be named at that time.

## FACTS

36. Defendants are a financial services firm.

37. To provide their services, Defendants employ hundreds of individuals.

38. Defendants classify a segment of their workers as "hourly non-exempt" employees, meaning that the workers are not "exempt" from the FLSA and related state wage and hour laws and therefore should receive time-and-a-half their regular hourly rate for overtime purposes.

39. Defendants do not require or request their hourly non-exempt employees to clock in and out for work through a company-provided timekeeping system.

40. Defendants' only time-keeping mechanism for tracking the hours worked by their hourly non-exempt employees are the security records that indicate when each individual entered or exited the Western & Southern buildings.

41. Instead of requiring their hourly non-exempt employees to track their time and paying them based on those time records, Defendants have paid their hourly, non-exempt employees for 40 hours per week, regardless of the number of hours they actually worked, throughout the relevant time period.

42. As a result, Plaintiff and similarly situated hourly non-exempt employees have been denied overtime compensation at 1.5× their regular rate of pay for hours worked in excess of 40 hours per week.

43. In some or all workweeks, Defendants failed to pay their hourly non-exempt employees for hours worked in excess of 40 per workweek.

44. Defendants applied the same or similar pay policies, practices, and procedures to all hourly non-exempt employees.

45. Defendants have willfully failed to pay federal and Ohio state overtime to Plaintiff and similarly situated hourly non-exempt employees at Western & Southern.

46. Defendants have failed to timely pay the wages due to Plaintiff and similarly situated hourly non-exempt employees at Western & Southern, and there is and has been no dispute that those wages are due.

**Plaintiff's Individual Factual Allegations**

47. Plaintiff was hired as an executive assistant/office manager for Broker Dealer Channel of Integrity Life Insurance Company, a subsidiary of Western & Southern in Stamford, Connecticut in 2006.

48. In 2010, Plaintiff relocated to Cincinnati, Ohio when Integrity Life Insurance Company relocated its Connecticut office to Western & Southern's home office in Cincinnati, Ohio.

49. In 2012, Plaintiff began working as an executive assistant for Defendant Eagle Realty Group, another subsidiary of Western & Southern.

50. During the entirety of her employment, Plaintiff was classified as an hourly non-exempt employee.

51. During the entirety of her employment, Plaintiff was not instructed to clock in/out and there was never any time clock mechanism for Plaintiff to clock in/out on.

52. Plaintiff did not clock in or out to track the number of hours she worked for Defendants.

53. When she entered and exited the building each day, Plaintiff swiped an identification card that allowed her to access the building.

54. Plaintiff was never informed that the security badge swipes when she entered/exited the buildings on Western Southern's campus were considered her clocking in or out for time-keeping purposes.

55. Plaintiff worked over 40 hours for Defendants in some workweeks.

56. For example, Plaintiff worked overtime on numerous occasions in May and June 2025 but was not compensated for this time.

57. Plaintiff began working for Defendants benefit upon arriving at work each day.

58. Despite working over 40 hours in some workweeks, Defendants have consistently paid Plaintiff for 40 hours of work for each week during the relevant time period.

59. During her employment, Plaintiff has not been paid for the hours she worked in excess of 40 hours per week at time-and-a-half her regular hourly rate.

60. Defendants have failed to pay Plaintiff overtime as required by law.

## Collective Action Allegations

61. Plaintiff brings the First Count on behalf of herself and all similarly situated current and former hourly non-exempt employees employed by Defendants during the three years prior to the filing of this Class Action Complaint and the date of final judgment in this matter, who elect to opt-in to this action (the "FLSA Collective").

62. At all relevant times, Plaintiff and the FLSA Collective have been similarly situated, have had substantially similar pay arrangement, specifically, they have all been subject to Defendant's decision, policy, plan, practices, procedures, protocols, and rules of willfully denying Plaintiff and the FLSA Collective overtime wages at time-and-a-half their regular hourly rate. Plaintiff's claims are essentially the same as those of the FLSA Collective.

63. Defendants' unlawful conduct is pursuant to a company policy or practice.

64. Defendants are aware or should have been aware that federal law requires them to properly record the hours worked by their hourly employees and requires employers to pay their hourly employees time-and-a-half their regular hourly rate for hours worked in excess of 40 per work week.

65. Defendants' unlawful conduct has been widespread, repeated, and consistent.

66. The First Count is properly brought under and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

67. The FLSA Collective members are readily identifiable and ascertainable.

68. In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

## Class Action Allegations

69. Plaintiff brings the Second and Third Counts under Federal Rule of Civil Procedure 23, on behalf of herself and a class of persons consisting of:

> All current and former hourly non-exempt employees who have worked for Defendants Western & Southern and/or Eagle Realty Group, LLC between the date six years prior to the filing of the original complaint and the date of final judgment in this matter ("Rule 23 Class").

70. Excluded from the Rule 23 Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants Western & Southern and/or Eagle Realty Group, LLC; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

71. The number and identity of the Rule 23 Class members are ascertainable from Defendants' records.

72. The hours assigned and worked and the rates of pay for each Rule 23 Class Member are determinable from Defendants' records.

73. All of the records relevant to the claims of Rule 23 Class members should be found in Defendants' records.

74. For the purpose of notice and other purposes related to this action, the Rule 23 Class Members' names and contact information are readily available from Defendants.

75. Notice can be provided by means permissible under Rule 23.

76. The Rule 23 Class members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

77. There are more than 50 Rule 23 Class members.

78. Plaintiff's claims are typical of those claims which could be alleged by any Rule 23 Class member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class member in separate actions.

79. Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the OMFWSA and O.R.C. § 4113.15.

80. Plaintiff and the Rule 23 Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, polices, and procedures.

81. Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Class and has no interests antagonistic to the Rule 23 Class.

82. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

83. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation on behalf of minimum wage employees where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

84. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

85. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiff and the Rule 23 Class members individually and include, but are not limited to:

a. Whether Plaintiff and the Rule 23 Class members were subject to the same or similar timekeeping and compensation policy;

b. Whether Plaintiff and the Rule 23 Class members worked in excess of 40 hours per week;

c. Whether Plaintiff and the Rule 23 Class members were paid their regular hourly rate for hours worked in excess of 40 hours in a workweek;

d. Whether Plaintiff and the Rule 23 Class were paid time and a half overtime wages when they worked over 40 hours per week;

e. Whether Defendants failed to pay Plaintiff and the Rule 23 Class in a timely manner as described by O.R.C. § 4113.15, and, if so, whether the wages owed are "in dispute";

f. Whether Defendants' violations of the FLSA were willful; and

g. The nature and extent of class-wide injury and the measure of damages for those injuries.

86. In recognition of the services Plaintiff has rendered and will continue to render to the Rule 23 Class, Plaintiff will request payment of a service award upon resolution of this action.

## Causes of Action

### Count 1
### Failure to Pay Overtime Wages - Fair Labor Standards Act
### (On Behalf of Plaintiff and the FLSA Collective)

87. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

88. Plaintiff and the FLSA Collective were all categorized as "hourly non-exempt" employees by Defendants.

89. Plaintiff and the FLSA Collective worked hours in excess of 40 in some or all workweeks.

90. Plaintiff and the FLSA Collective were paid on an hourly basis for all hours worked.

91. Plaintiff and the FLSA Collective were denied overtime wages at time-and-a-half their regular hourly rate.

92. If Plaintiff and the FLSA Collective were paid for hours worked in excess of 40 in a workweek, they were not paid overtime wages at time-and-a-half their regular hourly rate.

93. By the acts and conduct described above, Defendants willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff and the FLSA Collective.

94. Plaintiff and the FLSA Collective have been damaged by Defendants' willful failure to pay overtime wages as required by law.

95. As a result of Defendants' willful violations, Plaintiff and the FLSA Collective are entitled to damages, including, but not limited to, unpaid overtime wages, liquidated damages, costs, and attorneys' fees.

**Count 2**
**Untimely Payment of Wages – O.R.C. § 4113.15**
**(On Behalf of Plaintiff and the Rule 23 Class)**

96. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

97. During all relevant times, Defendants were covered by O.R.C. § 4113.15, and Plaintiff and the Rule 23 Class were employees within the meaning of O.R.C. § 4113.15 and were not exempt from its protections.

98. O.R.C. § 4113.15(A) requires that Defendants pay Plaintiff and the Rule 23 Class all wages on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

99. By denying Plaintiff and the Rule 23 Class overtime wages, Defendants failed to pay Plaintiff and the Rule 23 Class all wages due to them.

100. By failing to pay Plaintiff and the Rule 23 Class all wages due to them under the FLSA and Ohio law, Defendants also violated the Ohio Prompt Pay Act.

101. Plaintiff and the Rule 23 Class's unpaid wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

102. Plaintiff's and the Rule 23 Class's entitlement to the wages sought herein is and has been undisputed.

103. As a result of Defendants' violation, Plaintiff and the Rule 23 Class are entitled to unpaid wages and liquidated damages, as stated in O.R.C. § 4113.15, for the two years prior to the date of the Complaint.

**Count 3**
**Damages Pursuant to O.R.C. § 2307.60**
**(On Behalf of Plaintiff and the Rule 23 Class)**

104. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

105. A willful violation of the FLSA is a criminal act. 29 U.S.C. § 216(a).

106. By their acts and omissions described herein, Defendants willfully violated the FLSA, and Plaintiff and the Rule 23 Class have been injured as a result.

107. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

108. As a result of Defendants' willful violations of the FLSA, Plaintiff and the Rule 23 Class are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60 for the six years prior to the date of the Complaint.

**WHEREFORE**, Plaintiff Karen Sladen prays for all of the following relief:

A. Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly-situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiff and their counsel to represent the collective action members.

B. Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations.

C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

D. Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel.

E. An award of unpaid overtime wages due under O.R.C. § 4113.15, and the OMFWA.

F. An award of restitution for unjust enrichment.

G. Liquidated damages under O.R.C. § 4113.15.

H. Compensatory and punitive damages under O.R.C. § 2307.60.

I. An award of prejudgment and post-judgment interest.

J. An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees.

K. Such other legal and equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

Respectfully submitted,

*/s/ Laura E. Farmwald*

Andrew R. Biller (Ohio Bar No. 0081452)
Andrew P. Kimble (Ohio Bar No. 0093172)
Laura E. Farmwald (Ohio Bar No. 0095304)
Emily A. Hubbard (Ohio Bar No. 0096032)
BILLER & KIMBLE, LLC
8044 Montgomery Road, Suite 515
Cincinnati, OH 45236
Telephone: (513) 715-8711
Facsimile: (614) 340-4620
*abiller@billerkimble.com*
*akimble@billerkimble.com*
*lfarmwald@billerkimble.com*
*ehubbard@billerkimble.com*

www.billerkimble.com

*Counsel for Plaintiff and the putative class*